## Basehore v. Commonwealth

*John M. Eakin*, for condemnees.

*Gregory C. Santoro* and *Lawrence Wieder*, for condemnor.

ZIEGLER, *P. J.*, of 58th Judicial District, Specially Presiding, December 31, 1975—The question presently before the court is whether or not the court erred in permitting condemnees' expert to testify at the trial despite improper notice to condemnor under section 703(2) of the Eminent Domain Code of June 22, 1964, Sp. Sess., P.L. 84, as amended, 26 P.S. §1-703(2). Condemnor argues that the allowance of such testimony was reversible error and that a new trial should be granted. We cannot agree.

Said section provides:

"If any valuation expert who has not previously testified before the viewers is to testify, the party

calling him must disclose his name and serve a statement of his valuation . . . and his opinion of the highest and best use . . . on the opposing party at least ten days before the commencement of the trial."

Condemnees had no counsel and offered no evidence before the viewers. An appearance was entered for condemnees on April 1, 1975. At the pretrial conference on April 30, 1975, condemnor's counsel was advised that condemnees would call Mr. George Ebner as an evaluation expert at the trial scheduled for the week of May 19, 1975. Jury was selected on May 20th to return on May 21st. Condemnor's counsel was advised damage figure when the jury was selected which was less than ten days after counsel for condemnees received the information. Thus, identity of the expert was timely disclosed. Condemnor may not complain as to lack of formal notice of identity, since said section does not require disclosure of identity by writing. Condemnor argues that such notice was improper under said section, contending that it must be strictly construed and that, therefore, Mr. Ebner should not have been allowed to testify.

No case construing said section as mandatory has been decided. On the contrary, in the recent case of Klick v. Commonwealth of Pennsylvania, Department of Transportation, 20 Pa. Commonwealth Ct. 627, 342 A. 2d 794 (1975), the Commonwealth Court ruled that the trial court did not commit error in allowing testimony by an expert appraiser despite a failure to comply with the notification provisions of said section. The notice in Klick was improper in that it did not contain the appraiser's opinion as to the highest and best use.

Condemnor cites Shirk v. Commonwealth, 61 Lanc. 201 (1967), as supportive of its contention

that noncompliance with the notice provision disqualifies the expert from testifying at trial. In Shirk, however, the condemnee had no notice whatsoever of the condemnor's intention to use an appraiser who had not testified before the viewers. Therefore, the condemnee could have taken no objections nor corrective measures until the trial when he first learned of the condemnor's intention to call the witness. Here, however, 20 days before the trial, condemnor knew of condemnees' intention to call Mr. Ebner. Yet its counsel made no inquiry of counsel for condemnees or of the court when it became obvious that all of the information had not been disclosed within the statutorily prescribed time. Thus, instead of attempting to use said section to obtain proper notice, condemnor chose instead to remain silent until the trial and then to use it as a "sword" in attempting to disqualify Mr. Ebner, or, in the alternative, to obtain a new trial should the jury return an unfavorable verdict. Such a use of the statute is clearly not its purpose. Joint State Government Commission's 1964 Comment to said section states:

"The purpose of this provision is to eliminate the surprise element in many cases when one expert is used before the viewers and another, with a different valuation and opinion of the highest and best use of the property, is called at the trial."

Here, again, no expert testified before the viewers. Before trial, condemnor could have used it persuasively in enlisting the aid of the court to obtain the information and thereby eliminating surprise at the trial. Their actual attempted use of it as an "offensive" trial strategy is an abuse of the provi-

sion.* Silence of condemnor until the last minute rendered correction by postponement of trial impossible and constituted a waiver of any imperfections in condemnees' notice.

## ORDER

Now, December 31, 1975, motion for new trial is overruled.

*When condemnor's counsel was given opportunity to state how condemnor would be prejudiced by allowing Mr. Ebner to testify, he replied that he was not advised whether the expert or condemnees would testify to such damage figure. He should have assumed that it was the expert because such notice is not required under said section as to a condemnee: Faith United Presbyterian Church v. Redevelopment Authority, 7 Pa. Commonwealth Ct. 490, 298 A. 2d 614 (1972).